UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUNNY MARIE C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. 1:24-cv-00299-BLW-REP <br><br> **ORDER ADOPTING REPORT & RECOMMENDATION** |

## INTRODUCTION

This is a social security case in which the Plaintiff appeals the Commissioner's denial of her application for disability insurance benefits. This matter is before the Court on United States Magistrate Judge Raymond E. Patricco's Report & Recommendation (Dkt. 18) and Plaintiff's Objection (Dkt. 19). For the reasons explained below, the Court will overrule the Objection, adopt the Report & Recommendation in its entirety, and affirm the Commissioner's decision.

## BACKGROUND[1]

In November 2023, an Administrative Law Judge (ALJ) issued a decision

---

[1] The factual and procedural background are detailed more fully in the Report & Recommendation, which the Court adopts in full.

denying Plaintiff's application for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act. In May 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. Plaintiff then filed a pro se complaint in this Court, asking the Court to modify the Commissioner's decision and "grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability." *Compl*, Dkt. 1, at 3. Alternatively, she asks the Court to remand this matter for reconsideration of the evidence. *Id.* at 4. In August 2025, Magistrate Judge Patricco issued his Report & Recommendation, recommending that the Court affirm the Commissioner's decision. The Court agrees with this recommendation.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case, Plaintiff filed objections and the Court has conducted a de novo review of those

portions of the Report as well as the record in this matter.

## DISCUSSION

1. **Consideration and Development of the Record**

In her first objection, Plaintiff asserts that the ALJ failed to ensure that the record was "*fully* and fairly developed." *Obj.*, Dkt. 19, at 2. More specifically, she says the ALJ failed to consider medical records from her treating physician, Dr. Ye-Liew, and other "treating sources." *Id.* To support her argument, she submits an exhibit detailing certain medical visits, though many of these entries duplicate evidence considered by the ALJ. *See Comm'r Response Br.*, Dkt. 20, at 3.

The Court will overrule this objection. As the Commissioner points out, Plaintiff was represented by counsel at the hearing before the ALJ, and counsel confirmed that the record was complete. AR 42. Additionally, the ALJ was not obligated to further develop the record in this case because the evidence was not ambiguous and the record was otherwise adequate to allow for proper evaluation. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

2. **The ALJ Properly Assessed Plaintiff's Need for a Cane**

In her second objection, Plaintiff contends that the ALJ and the Magistrate Judge failed to consider the significance of the notation "Dx.R. 26.9," which was

contained in Dr. Ye-Liew's prescription for a cane. The notation Dx.R.26.9 refers to the diagnostic code for 'Unspecified abnormalities of gait and mobility.'" Plaintiff says that if the ALJ and the Magistrate Judge had properly considered this notation, the ALJ's residual-functional-capacity (RFC) assessment would have come out differently. *Id.* at 4. The argument fails, however, because the ALJ found Dr. Ye-Liew's opinions to be unpersuasive and the Magistrate Judge correctly concluded that that ALJ did not err in arriving at that conclusion. *See R&R,* Dkt. 18, at 12-18; *ALJ Decision,* Dkt. 1-2, at 17-18.

On balance, the Court does not find any of the arguments advanced in Plaintiff's Objection persuasive. Accordingly, Plaintiff's Objection will be overruled in its entirety.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Objections to the Report & Recommendation (Dkt. 19) are **OVERRULED.**

2. The Report & Recommendation (Dkt. 18) is **ADOPTED IN ITS ENTIRETY** as the order of this Court.

3. The Commissioner's decision is **AFFIRMED.**

4. The Court will enter a separate judgment in favor of the Commissioner in accordance with Federal Rule of Civil Procedure 58.



DATED: September 11, 2025

_____
B. Lynn Winmill
U.S. District Court Judge